IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:05-CR-00116-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THOMAS BROCK, ) | |
| ) | |
| Defendant. ) | |

On May 5, 2019, Thomas Brock ("Brock" or "defendant"), a federal inmate proceeding through counsel, moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c) [D.E. 194]. On June 12, 2019, the government responded in opposition to Brock's motion [D.E. 196]. On August, 6, 2019, the court granted Brock's motion in part, reduced Brock's term of supervised release to three years, but declined to reduce his 192-month term of imprisonment [D.E. 199]. On March 4, 2021, the U.S. Court of Appeals for the Fourth Circuit vacated the district court's order and remanded the case for further explanation [D.E. 232]. On May 4, 2021, Brock filed a supplemental memorandum arguing for a sentence reduction [D.E. 237]. On May 18, 2021, the government responded in opposition [D.E. 240]. On May 27, 2021, the case was reassigned to the undersigned, and Brock filed a memorandum pro se again requesting a sentence reduction [D.E. 241]. After considering the entire record, the parties arguments, the Fourth Circuit's decision, and all other relevant factors, the court declines to reduce Brock's term of imprisonment but reduces his term of supervised release to three years.

I.

On December 4, 2008, pursuant to a written plea agreement, Brock pleaded guilty to

conspiracy to possess with intent to distribute and to distribute more than five grams of crack cocaine in violation of 18 U.S.C. § 841(a)(1). See [D.E. 1, 101]. On May 5, 2009, the court held Brock's sentencing hearing. See [D.E. 116]. At the hearing, Brock withdrew all his objections to the Presentence Report ("PSR") except one related to drug weight. See [D.E. 110]. The court accepted the parties' agreement that the drug weight was 1,500 grams of crack cocaine and adjusted the offense level to 33, resulting in an advisory guideline range of 235 to 293 months' imprisonment. See id.; [D.E. 240] 3; [D.E. 237] 1. After hearing arguments from counsel and Brock's allocution, the court sentenced Brock to 240 months' imprisonment and 4 years' supervised release. See [D.E. 110, 116].

On September 28, 2012, Brock, proceeding pro se, moved to vacate his conviction under 28 U.S.C. § 2255 based United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 130]. On May 16, 2013, the court dismissed Brock's petition as untimely and denied Brock a certificate of appealability. See [D.E. 135]. Brock appealed. See [D.E. 137]. On January 9, 2015, the Fourth Circuit declined to issue a certificate of appealability and dismissed Brock's appeal. See [D.E. 157].

On November 17, 2014, Brock moved for a sentence reduction under U.S.S.G. Amendment 782. See [D.E. 154]. On June 16, 2015, Brock renewed his motion proceeding pro se, [D.E. 172], and then renewed it again through counsel on January 12, 2016. See [D.E. 175–76]. On February 26, 2016, the court granted Brock's motions and reduced his sentence to 192 months' imprisonment. See [D.E. 177].

On May 29, 2019, Brock moved for a reduced sentence under the First Step Act and U.S.S.G. § 1B1.10(c). See [D.E. 194]. On June 12, 2019, the government responded in opposition to Brock's motion [D.E. 196]. On August, 6, 2019, the court granted Brock's motion in part and reduced

2

Brock's term of supervised release to three years [D.E. 199]. In its statement of reasons, the court noted that it did not reduce Brock's prison sentence any further because the courts' February 2016 reduction was still within the amended advisory guideline range. See United States v. Brock, 840 F. App'x 756, 756–57 (4th Cir. 2021) (unpublished). Brock simultaneously appealed, see [D.E. 201], and moved for reconsideration. See [D.E. 204]. On April 20, 2020, the court denied Brock's motion for reconsideration, "[f]inding no reason to alter its prior order." [D.E. 214].

On March 4, 2021, the Fourth Circuit vacated the district court's order and remanded the case for further explanation. See Brock, 840 F. App'x at 756–57. The Fourth Circuit concluded that the district court had not sufficiently explained why it denied Brock relief under his First Step Act motion. See id. at 757. Thus, the Fourth Circuit remanded the case for "reconsideration of Brock's motion and an explanation for [the court's] decision." Id.

On April 29, May 3, and May 6, 2021, Brock filed character letters. See [D.E. 235–36, 238]. On May 4, 2021, Brock filed a supplemental memorandum further arguing for a sentence reduction under the First Step Act. See [D.E. 237]. On May 18, 2021, the government responded in opposition. See [D.E. 240]. On May 27, 2021, the case was reassigned to the undersigned, and Brock moved pro se to clarify his arguments. See [D.E. 241]. On July 9, 2021, the probation office filed a modified PSR. See [D.E. 242]. On July 30, 2021, Brock responded pro se. See [D.E. 243].

II.

Brock moves for a sentence reduction under section 404 of the First Step Act. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack)

3

necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

4

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Lancaster, 997 F.3d at 174–76; Collington, 995 F.3d at 357; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished). Nonetheless, a district court must reduce the sentence to comply with any new statutory maximum. See Collington, 995 F.3d at 356–58.

### III.

Brock's December 2008 conviction for conspiracy to possess with intent to distribute and to distribute more than five grams of crack cocaine is a covered offense under section 404(a) of the First Step Act because this conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act and was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Furthermore, under Collington, Brock's new statutory maximum is 240 months' imprisonment. See Collington, 995 F.3d at 356–58. Moreover, under Lancaster, Brock is

5

no longer a career offender. See Lancaster, 997 F.3d at 176; [D.E. 242] 2.[1] Accordingly, Brock's total offense level remains 31, but his criminal history category drops from VI to V. See [D.E. 242] 2. Thus, his new advisory guideline range is 168 to 210 months. See id.

The court has completely reviewed the record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). Based on its review, the court maintains Brock's term of imprisonment at 192 months and again reduces his term of supervised release to three years.

Brock's original sentence in May 2009 was at the bottom of the advisory guideline range. See [D.E. 242] 2; [D.E. 237] 3–4. His reduced sentence in February 2016 also was at the bottom of the revised advisory guideline range. See id.; [D.E. 237] 3–4. Brock's already reduced sentence of 192 months is still within the new advisory guideline range of 168 to 210 months

Brock's 192-month sentence is warranted under the relevant factors in 18 U.S.C. § 3553(a). Brock engaged in serious criminal conduct from at least 2005 to 2008. See PSR [D.E. 206] ¶¶ 10–19. Based on the parties' agreement, Brock is responsible for distributing 1,500 grams of crack cocaine. See [D.E. 237] 1. Notably, Brock was the leader of his drug trafficking organization, employing three co-conspirators to help him sell crack cocaine from his residence and enlisting a fourth to work as security. See id. ¶ 10–11. Brock also possessed a firearm in connection with his

---

[1] Although Brock is no longer a career offender, the advisory guidelines' career-offender designation never controlled Brock's original advisory guideline range because Brock already was a criminal history category VI and his base offense level based on his drug weight of 1,500 grams was higher. See PSR ¶¶ 31–33, 53, 59; compare U.S.S.G. § 2D1.1 (2009) with U.S.S.G. § 4B1.1 (2009).

6

drug trafficking activities, see PSR ¶ 18, and provided a firearm to one of his co-conspirators. See id. ¶ 11. Brock's co-conspirator ultimately used that firearm to shoot at law enforcement officers. See id. ¶ 12. After the shooting, Brock left North Carolina, moved to Virginia, and lived under an assumed name for three years. See id. ¶ 17. Even under his assumed name, Brock apparently still engaged in criminal activity. See id. ¶ 34.

Before his federal conviction, Brock was a violent, recidivist drug dealer with convictions for possession of cocaine (three counts), possession with intent to deliver and sell cocaine, possession of marijuana, breaking or entering, assault on a female by kicking and punching her, and common law robbery (during which he threatened the victim with a baseball bat). See id. ¶¶ 21–30. During periods of supervision, Brock regularly failed to comply with the terms of his release. See id. ¶¶ 21, 24–25.

Brock incurred three disciplinary infractions early in his period of federal incarceration, but he has not had an infraction since 2011. See [D.E. 242] 2. Brock has maintained steady employment while incarcerated, and he has used his earnings to pay his special assessment in full and to make payments on his fine. See [D.E. 237] 5. Brock also has completed a drug abuse education course and several other educational programs. See id.; [D.E. 242] 2. Brock also has a supportive family, see [D.E. 235–36, 238], and Brock has several family members that he could live with upon release. See [D.E. 237] 5; cf. Pepper v. United States, 562 U.S. 476, 481 (2011); McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019).

Balancing Brock's largely positive conduct while incarcerated and his supportive family with Brock's serious criminal conduct, violent criminal record, poor performance on supervision, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Brock, the court declines to reduce Brock's prison sentence any further. See, e.g., 18

7

U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. However, the court again reduces Brock's term of supervised release from four years to three years.

In reaching this decision, the court has considered the new advisory guideline range, the entire record, Brock's arguments, the government's arguments, and the section 3553(a) factors. Even if the court miscalculated the new advisory guideline range, it still would not reduce Brock's sentence any lower than 192 months' imprisonment and 3 years' supervised release in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

IV.

In sum, the court again GRANTS Brock's motion for a reduction of his sentence pursuant to section 404 of the First Step Act [D.E. 194], maintains his term of imprisonment at 192 months, and REDUCES his term of supervised release to three years. The court DENIES as moot Brock's motion to clarify [D.E. 241].

SO ORDERED. This 13 day of September, 2021.

JAMES C. DEVER III
United States District Judge